**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **PAUL WEST,** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:23-cv-04009** |
| | § | |
| | § | |
| **BP AMERICA INC.; BP EXPLORATION** | § | |
| **& PRODUCTION INC.; AND MOBIL** | § | |
| **OIL EXPLORATION & PRODUCING** | § | |
| **SOUTHEAST INC.** | § | |
| | | |
| *Defendants.* | | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, Paul West (hereinafter "Plaintiff") files this First Amended Complaint against Defendants BP AMERICA INC (hereinafter "BP AMERICA") and BP Exploration & Production Inc. (hereinafter "BP EXPLORATION") and Mobil Oil Exploration & Producing Southeast Inc. (hereinafter "MOBIL") (collectively as "Defendants"), for cause of action, respectfully shows this Honorable Court the following:

**I.**

**Jurisdiction and Venue**

1.    Jurisdiction is appropriate as the claims maintained under the Outer Continental Shelf Lands Act ("OCSLA"). *See* 43 U.S.C. § 1331 et seq. Further, Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which Plaintiff now sues.

2

2.      This court has subject matter jurisdiction and venue over this action pursuant to this action being removed from the 165th Judicial District Court of Harris County in the State of Texas, Cause No. 2023-58181.

## II.

### Parties

4.      Plaintiff Paul West resides in Salem, Oregon.

5.      Defendant BP AMERICA INC ("BP AMERICA") is a Delaware corporation with its principal place of business in Harris County, Texas. This Defendant has answered and may be served through counsel of record.

6.      Defendant BP EXPLORATION & PRODUCTION INC. ("BP EXPLORATION") is a Delaware corporation with its principal place of business in Harris County, Texas. This Defendant may be served by serving counsel Georgia Lucier, 600 Travis Street, Suite 4200, Houston, Texas 77002.

7.      Defendant MOBIL OIL EXPLORATION & PRODUCING SOUTHEAST INC. ("MOBIL") is a Delaware corporation with its principal place of business in Harris County, Texas. This Defendant may be served with process by serving its registered agent, The Prentice-Hall Corporation System, 211 E. 7th St., Ste. 620, Austin, Texas. 78701.

## III.

### Facts

8.      This lawsuit became necessary as a result of events that occurred on or about June 22, 2023. On that date, Plaintiff was employed by nonparty C-INNOVATION, and was working on deep water drilling platform owned and/or operated by Defendants BP AMERICA, BP AMERICA, BP EXPLORATION, and MOBIL in the Gulf of Mexico.

3

9.      At the time of the incident, Plaintiff was returning from the restroom to his work area, which required traversing several steel ladders and a catwalk, all exposed to the outside rain. The ladders did not have any non-slip protection as industry standard required, causing Plaintiff to fall. Defendants were aware of the condition of the stairs, knew they posed a risk, and failed to remedy the risk before Plaintiff fell. Plaintiff attempted to arrest his fall, causing severe injuries.

10.      Plaintiff was injured by a combination of the Defendants' negligence and gross negligence for failing to have proper equipment.  As a result of Defendants' negligence, Plaintiff suffered severe injuries to his back, arm, neck, and other parts of his body.

11.      Upon information and belief, the faulty facilities, including stairs, railing, catwalk, and ladders, were built and maintained by Defendants BP AMERICA, BP EXPLORATION, and MOBIL. Upon information and belief, Defendants failed to ensure the safety of workers by inspecting and ensuring a safe working environment.

## IV.

## Causes of Action

### A. Negligence and Gross Negligence against all Defendants.

12.      Plaintiff repeats and realleges each allegation contained above.

13.      Plaintiff sustained injuries because of Defendants' negligence and gross negligence when Defendants:

a. Failed to properly maintain, inspect, and/or repair the vessel and/or its equipment;

b. Failed to adequately man the vessel;

c. Failed to keep a proper lookout;

d. Failed to provide adequate warning;

e. Failed to operate the vessel in a safe fashion;

f. Failed to warn plaintiff of hidden dangers;

g. Failed to maintain safe mechanisms for work on the vessel;

h. Failed to provide adequate training;

i. Operated the vessel in an unsafe and improper manner;

j. Maintained unsafe and/or lack of safe policies, procedures, and training;

k. Kept unsafe and inadequate supervision of the crew;

l. Failed to provide a safe work environment under OCSLA;

m. Is Vicariously liable for their employees' and/or agents' negligence;

n. Violated their own safety rules, policies, and regulations;

o. Violated applicable Cost Guard, OSHA, BSEE rules and/or other applicable rules and regulations;

p. Other acts considered negligent and grossly negligent;

14.     Defendants owed a duty consistent with the foregoing and breached each of these foregoing duties.  These breaches were both the cause in fact and proximate cause of Plaintiff's damages. As a result of Defendants' negligence, Plaintiff suffered damages.  Plaintiff is entitled to recover for its damages.  Defendants' actions were done with a reckless disregard and conscious indifference to the rights of Plaintiff.  As such, Plaintiff is entitled to exemplary damages.

## V.

### **Damages**

15.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer severe and debilitating personal injuries, bodily injury, physical impairment, loss of household services, pain, suffering, and mental anguish, and to incur the following damages. Plaintiff has judgment against Defendant in a total sum in excess of the

minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief to which Plaintiff shows himself justly entitled. Plaintiff seeks damages in excess of $1,000,000 including but not limited to: Actual and direct damages:

- Consequential damages;

- Pain and suffering;

- Exemplary damages;

- Past and future mental anguish;

- Past and future impairment;

- Past and future disfigurement;

- Interest on damages (pre- and post-judgment) in accordance with law;

- Plaintiffs' reasonable attorneys' fees;

- Costs of court;

- Expert witness fees;

- Costs of copies of depositions; and

- Such other and further relief as the Court may deem just and proper.

## VI.

### Prayer

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all

costs of Court, exemplary damages, and all such other and further relief, to which he may show himself justly entitled.

**VII.**

**<u>Jury Trial Demanded</u>**

Plaintiff hereby demands a trial by jury on all issues.

Respectfully Submitted,

**ARNOLD & ITKIN LLP**

*/s/ Trent Shelton*

_____

Trent A. Shelton
Texas Bar No. 24121119
Jason A. Itkin
Texas Bar No. 24032461
6009 Memorial Drive
Houston, TX  77007
Tel: 713.222.3800
Fax: 713.222.3850
TrentTeam@arnolditkin.com
e-service@arnolditkin.com
jitkin@arnolditkin.com
tshelton@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record herein on May 23, 2024

*/s/ Trent Shelton*
Trent Shelton