United States District Court
Southern District of Texas
**ENTERED**
November 06, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAUL WEST, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-04009 |
| § | |
| BP EXPLORATION & PRODUCTION INC., § | |
| *et al.*, § | |
| § | |
| Defendants. § | |

## **MEMROANDUM AND ORDER**

### I.

Before the Court is the defendant's, Mobil Oil Exploration & Producing Southeast, Inc., motion to dismiss ["Mobil"]. [Doc. Entry 21]. Also, before the Court is the plaintiff's, Paul West, response to Mobil's motion to dismiss [DE 25]. After a careful review of the documents presented and the plaintiff's first Amended complaint, the Court determines that Mobil's motion is meritorious and should be granted.

### II.

The facts giving rise to this dispute are undisputed. The plaintiff asserts that on June 22, 2023, while working on a deepwater drilling platform in the Gulf of Mexico, owned and operated by BP Exploration ("BP") and Mobile, he suffered an injury. According to the plaintiff, he was descending a steel ladder that did not have "non-slip" protection on its rungs. He slipped and fell and suffered several injuries. At the time, the plaintiff was employed by non-party, C-INNOVATION.

The plaintiff's lawsuit asserts both negligence and gross-negligent claims against both BP and Mobil. In addition, the plaintiff asserts that BP and Mobil violated applicable Coast Guard, OSHA, BSEE rules and other (unspecified) applicable rules and regulations. The plaintiff seeks recovery of actual and exemplary damages as a result of his injuries.

### III.

Mobil seeks dismissal of the plaintiff's suit pursuant to FRCP 12(b)(6). Rule 12(b)(6) permits dismissal of a plaintiff's lawsuit where the pleadings and any supporting documents attached to the motion to dismiss fail, to establish that the plaintiff has a viable cause of action. Where, as here, the plaintiff's threshold claim is that Mobil was negligent, the pleadings and documents must establish a "plausible" claim based in a duty owed by Mobil and that Mobil breached that duty, and that the breach was a proximate cause of the plaintiff's injury(ies). *Rodriguez-Escobar v. Goss*, 392 SW 3d 109, 113 (Tex. 2013); *see also, Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In the case at bar, Mobil submitted two exhibits in support of its motion to dismiss – a copy of the joint operating agreement between Mobil and BP and an affidavit that Mobil owns a minority, non-operating working interest in the energy reservoir where the plaintiff suffered his injuries. The plaintiff seeks to strike Exhibit B, in particular, on the basis that the document does not appear in the record and that the exhibit is outside the plaintiff's complaint and fall outside the limited scope of the exception for attached documents.

In the Court's view, the plaintiff's opposition to Exhibit B for the reason that it is not part of the Court's records, and that it is outside the scope of documents that may be considered by a Court when deciding a motion to dismiss is unmeritorious. First, the document is on file with the Court, having been filed on July 30, 2024. *See* [DE 22]. The fact that an Order permitting or

receiving the document was filed later, after the plaintiff filed his response does not impact the filing. It is noted that the document was unopposed an Order was entered by the Court upon taking up Mobil's motion to dismiss. Hence, the Court had access to the document.

The second matter of concern argued by the plaintiff, that the document(s) exceed the limited scope of documents permitted to be filed in support of a motion to dismiss, is equally unavailing. Fifth Circuit precedent has addressed this argument. When the document referred to is central to a plaintiff claim, a Court should consider the document when addressing a motion to dismiss. *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). In the Court's view, Exhibit B goes to the heart of the plaintiff claim of negligence in that Mobil is exempt from such liability under the terms of its agreement with BP. As a minority non-operating interest holder, Mobil owes no duty to the plaintiff concerning the condition of the platform or the equipment provided to third-party employees such as the plaintiff.

The plaintiff's pleadings fail to attribute that falls outside any duty owed by BP or the plaintiff's employer. Therefore, the Court is of the opinion that Mobil's motion to dismiss the plaintiff's lawsuit claims against it, should be and it is hereby Granted.

It is so Ordered.

SIGNED on November 6, 2024, at Houston, Texas.

                                            Kenneth M. Hoyt
                                            United States District Judge